IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

MATTHEW WEAVING,

        Plaintiff,

   v.

CITY OF HILLSBORO,

        Defendant.

No. 3:10-CV-1432-HZ

FINDINGS OF FACT &
CONCLUSIONS OF LAW

Jaime B. Goldberg
ATTORNEY AT LAW
P.O. Box 86463
Portland, OR 97286

    Attorney for Plaintiff

Karen M. O'Kasey
HART WAGNER, LLP
1000 SW Broadway, 20th Floor
Portland, OR 97205

Page | 1 – FINDINGS OF FACT & CONCLUSIONS OF LAW

Attorney for Defendant

HERNANDEZ, District Judge:

On May 25, 2012, a jury found that Matthew Weaving ("Plaintiff" or "Weaving") had a disability of Attention Deficit Hyperactivity Disorder ("ADHD") under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112 and parallel Oregon law. In addition, the jury found that the City of Hillsboro ("Defendant") failed to reasonably accommodate Plaintiff's ADHD and that Plaintiff was discharged because he had ADHD. Accordingly, the jury awarded Plaintiff $75,000 in compensatory damages.

Now before me is the determination of equitable damages to award Plaintiff. Specifically, the court is to decide the amount of back pay to award Plaintiff and whether to reinstate Plaintiff as police sergeant at the City of Hillsboro Police Department ("Police Department") or in the alternative, the amount of front pay to award Plaintiff.

## FINDINGS OF FACT

Plaintiff is 45 years old, has a bachelor's degree, and at the time of trial on June 8, 2012, had approximately 14 years of combined experience in law enforcement. At the time Plaintiff was terminated on December 11, 2009, he had been working at the City of Hillsboro for a little less than 4 years.

Plaintiff has not been employed since being terminated by Defendant and has been unsuccessful in finding employment even though he has applied for 132 jobs and has been interviewed approximately 17 times. Plaintiff testified that it was "highly unlikely" that he would be able to find another job in law enforcement, in part, because police departments generally frown upon people who bring legal actions against their employers. Plaintiff testified

that if he is unable to find a job in law enforcement, he may consider going back to school to become a paralegal.

Plaintiff is currently taking ADHD medication prescribed by Gary Monkarsh, Ph.D., and is currently receiving therapy for his ADHD. Plaintiff testified that he will continue his ADHD medication and therapy and will be more aware about how the symptoms stemming from his ADHD affect his communication with others. Plaintiff testified that he is prepared to return to work as a sergeant at the Police Department because he has the "technical ability" and because he will continue to address the issues related to his ADHD. Dr. Monkarsh also testified that Plaintiff is emotionally and psychologically prepared to return to the Police Department as a police sergeant.

There is, however, hostility and antagonism between Plaintiff and the Police Department, including hostility and antagonism between Plaintiff and his former supervisors, other sergeants at the Police Department, and police officers at the Police Department. Indeed, Deputy Chief of the Police Department, Mark Bonnett ("Bonnett"), testified that he did not want Plaintiff to return to the Police Department. In addition, there are no police sergeant positions available at the Police Department. Thus, if this court were to reinstate Plaintiff as a police sergeant, current police sergeants would either have to be fired or demoted.

## CONCLUSIONS OF LAW

In a case involving discrimination, the district court has wide discretion in awarding remedies to make a plaintiff whole. See Odima v. Westin Tucson Hotel, 53 F.3d 1484, 1495 (9th Cir. 1995) (citing Edwards v. Occidental Chem. Corp., 892 F.2d 1442, 1448 (9th Cir. 1990)). "An award of back pay is appropriate to advance Congress' intent to make persons whole for injuries suffered through past discrimination." Lutz v. Glendale Union High Sch., 403 F.3d

1061, 1069 n.9 (9th Cir. 2005) (citation omitted).  Back pay is typically computed "from the date of the discriminatory act until the date of final judgment."  Thorne v. City of El Segundo, 802 F.2d 1131, 1136 (9th Cir. 1986).  "[R]einstatement, when it is feasible, is 'the preferred remedy' in a discrimination suit . . . ."  Gotthardt v. Nat'l R.R. Passenger Corp., 191 F.3d 1148, 1156 (9th Cir. 1999) (quoting Cassino v. Reichhold Chems., Inc., 817 F.2d 1338, 1346 (9th Cir. 1987)).  Nonetheless, "[a]wards of front pay are appropriate when it is impossible to reinstate the plaintiff or when it would be inappropriate due to excessive hostility or antagonism between the parties."  Thorne, 802 F.2d at 1137 (citations omitted).  "Front pay is the term used to describe damages paid as [prospective] compensation for training or relocating to another position.  An award of front pay is made in lieu of reinstatement when the antagonism between employer and employee is so great that reinstatement is not appropriate."  Caudle v. Bristow Optical Co., 224 F.3d 1014, 1020 (9th Cir. 2000) (citations and quotation marks omitted).

      A plaintiff seeking an award of back pay or front pay has a duty to mitigate damages by making reasonably diligent efforts to obtain alternative employment.  Id.  The Ninth Circuit has previously stated:

> [A plaintiff's duty to mitigate] is not the only reason for which a front pay award may be reduced to an amount less than a claimant's total projected earnings to age 70.  A claimant's work and life expectancy are pertinent factors in calculating front pay. . . . The purpose of front pay . . . is to ensure that a person who has been discriminated against . . . is made whole, not to guarantee every claimant who cannot mitigate damages by finding comparable work an annuity to age 70. . . .
>
> [F]ront pay awards . . . must be reduced by the amount plaintiff could earn using reasonable mitigation efforts. . . . Thus, front pay is intended to be temporary in nature.  An award of front pay does not contemplate that a plaintiff will sit idly by and be compensated for doing nothing.  Because of the potential for windfall, [front pay's] use must be tempered.

Gotthardt, 191 F.3d at 1157 (citations omitted); see also Traxler v. Multnomah Cnty., 596 F.3d 1007, 1013-14 (9th Cir. 2010) ("Because of the potential for windfall[,] . . . [the use of front pay] must be tempered.") (Citation omitted).

Defendant bears the burden of establishing Plaintiff's failure to mitigate. Odima, 53 F.3d at 1497.

Although Plaintiff has been unsuccessful in finding alternative employment, he has exercised reasonably diligent efforts in doing so. Accordingly, insofar as back pay is concerned, Plaintiff is entitled to the amount he would have earned–including benefits–as a police sergeant had he not been terminated. Plaintiff is therefore entitled to back pay up until the time of judgment–June 21, 2012–totalling $232,143.

With respect to reinstatement, the preponderance of the evidence shows it is not feasible to reinstate Plaintiff to his former position as sergeant at the Police Department because it is impossible to do so at this time. The position Plaintiff seeks is currently filled and would require Defendant to fire or demote current police sergeants at the Police Department. Plaintiff presented no evidence to the contrary or otherwise demonstrated that the position he seeks is available. In addition, the preponderance of the evidence demonstrates that reinstating Plaintiff to his former position as sergeant at the Police Department would not be appropriate because of the excessive hostility and antagonism between the parties.

Having found that reinstatement is not appropriate, I turn next to the issue of front pay. Noted above, "front pay is intended to be temporary in nature." Cassino, 817 F.2d at 1347. At trial on June 8, 2012, Plaintiff presented three scenarios under which he seeks front pay: (1) where Plaintiff would return to work in law enforcement; (2) where Plaintiff would return to

work outside of law enforcement; and (3) where Plaintiff would return to school for additional education and then return to work outside of law enforcement.

The preponderance of the evidence presented at trial establishes that Plaintiff is not going to be rehired in law enforcement. Defendant proffered no evidence to the contrary. The preponderance of the evidence also demonstrates that Plaintiff is not going back to school. Although Plaintiff has considered going back to school to become a paralegal, Plaintiff presented no evidence whatsoever that he has taken any affirmative action to return to school, including evidence showing he has applied for college, applied for or inquired about student loans or other financial aid, interviewed with any school, or even contacted any school that he would be interested in attending.

The preponderance of the evidence, however, demonstrates that Plaintiff is able to return to work outside of law enforcement. Plaintiff presented earnings figures for the amount of front pay to which he would be entitled if he were to return to work outside of law enforcement. The earnings figures provided by Plaintiff run up until February 20, 2034–the day he plans to retire at age 67. To the extent Plaintiff seeks front pay for the next 22 years up until February 20, 2034, I find that such an award is not supported by the evidence. Plaintiff failed to present by a preponderance of the evidence that he would have worked up until February 20, 2034, as a police sergeant at the Police Department. It is also worth noting that Plaintiff even failed to present any evidence whatsoever regarding his life expectancy. See Gotthardt, 191 F.3d at 1157 ("[a] claimant's work and life expectancy are pertinent factors in calculating front pay").

Considering all the evidence in the record, I find that it would be unduly speculative and uncertain to conclude that Plaintiff would have continued his employment for the next 22 years as a police sergeant with the Police Department had he not been terminated by Defendant.

Suffice it to say, 22 years is a long time, and much can happen over that period. Plaintiff inappropriately leaves too much for speculation.

In addition, the preponderance of the evidence does not support the conclusion that Plaintiff would never attain a level of earnings comparable to what he made as a sergeant at the Police Department. Plaintiff is only 45 years old, which this court finds to be a relatively young age. He is educated and has a college degree. In addition, Plaintiff demonstrated that he is intelligent and has been able to rise up quickly in his professional career. Plaintiff also presented evidence showing that treatment for his disability has been and continues to be relatively successful. On the other hand, Plaintiff presented evidence showing that he has had trouble finding work despite his reasonable efforts based in part on the depressed status of the job market and the circumstances surrounding his termination.[1]

When considering all of the evidence, this court finds that an award of front pay up until December 31, 2016, based on the earnings figures provided by Plaintiff is appropriate. Accordingly, I conclude that Plaintiff is entitled to an award of front pay up until December 31, 2016, totalling $330,807.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] I find that the financial model provided by Plaintiff, and on which I rely, appropriately assumes Plaintiff will not find work until June 1, 2013.

Page | 7 – FINDINGS OF FACT & CONCLUSIONS OF LAW

## CONCLUSION

Having weighed, evaluated, and considered the evidence presented at trial, I conclude that Plaintiff is entitled to an award of back pay in the amount of $232,143. I also conclude that reinstatement is not appropriate and that Plaintiff is entitled to an award of front pay in the amount of $330,807. Accordingly, Plaintiff is entitled to a total award of $562,950.

IT IS SO ORDERED.

Dated this  21st   day of June, 2012.

/s/ Marco A. Hernandez
MARCO A. HERNANDEZ
United States District Judge