IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

MATTHEW WEAVING,

        Plaintiff,

   v.

CITY OF HILLSBORO,

        Defendant.

No. 3:10-cv-1432-HZ

OPINION & ORDER

Jaime B. Goldberg
ATTORNEY AT LAW
P.O. Box 86463
Portland, OR 97286

    Attorney for Plaintiff

Karen M. O'Kasey
HART WAGNER, LLP
1000 SW Broadway, 20th Floor
Portland, OR 97205

    Attorney for Defendant

1 - OPINION & ORDER

HERNANDEZ, District Judge:

Now before me is a motion to alter or amend judgment ("Motion") (doc. #117) filed by Matthew Weaving ("Plaintiff") pursuant to Rules 59(e) and 60(a) and (b) of the Federal Rules of Civil Procedure ("Rules"). For the reasons that follow, Plaintiff's Motion is DENIED.

## STANDARDS

"A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "There are four grounds upon which a Rule 59(e) motion may be granted: 1) the motion is 'necessary to correct manifest errors of law or fact upon which the judgment is based;' 2) the moving party presents 'newly discovered or previously unavailable evidence;' 3) the motion is necessary to 'prevent manifest injustice;' or 4) there is an 'intervening change in controlling law.'" Turner v. Burlington N. Santa Fe R.R., 338 F.3d 1058, 1063 (9th Cir. 2003) (citing McDowell v. Calderon, 197 F.3d 1253, 1254 n.1 (9th Cir. 1999)) (emphasis in original). While "Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotations and citation omitted). "Rule 59(e) . . . may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Exxon Shipping Co. v. Baker, 554 U.S. 471, 467 n.5 (2008) (internal quotations and and citation omitted); see also Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003).

Rule 60 provides, in pertinent part, that the "court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). Rule 60 also provides the following:

2 - OPINION & ORDER

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6).

## DISCUSSION

Plaintiff contends that the back pay awarded in my June 21, 2012, Findings of Fact & Conclusions of Law and subsequent Judgment issued the same day, June 21, 2012, erroneously excluded the projected "loss of income growth" of the investments in his 457(b) retirement plan ("457(b) Plan") totaling $142,867.  Mem. in Supp., p. 2.  Plaintiff contends that he would have otherwise earned the projected growth of the investments in his former 457(b) Plan had he continued to contribute to the plan and had he not been terminated by the City of Hillsboro ("Defendant").  Plaintiff argues that the projected growth of the investments in his 457(b) Plan were included on pages 8-10 of Exhibit 31 and that during the court trial on June 8, 2012, I specifically "asked defense counsel about this loss and the defense did not contest the amount and agreed that it should be considered part of [his] back pay award . . . ."  Mem. in Supp. of Mot., p. 2.

Defendant responds that it did not specifically agree that the projected loss associated with Plaintiff's former 457(b) Plan should be included in Plaintiff's back pay award.  Defendant

3 - OPINION & ORDER

also contends that the projected loss associated with Plaintiff's former 457(b) Plan is front pay, not back pay.

Contrary to Plaintiff's assertion, Defendant did not explicitly agree that the projected growth of Plaintiff's investments in his 457(b) Plan should be included in his back pay. More important, when calculating Plaintiff's back pay and front pay, I carefully considered the facts and arguments presented at trial on June 8, 2012, and based on the preponderance of the evidence, determined Plaintiff's back pay and front pay award as discussed in my June 21, 2012, Findings of Fact & Conclusions of Law.

I find it worth noting that during the June 8, 2012, trial, I expressly stated my concern as to whether the projected growth of investments in Plaintiff's former 457(b) Plan qualified as either back pay or front pay. Presently, Plaintiff does not cite a single authority for the proposition that the projected growth of investments in a 457(b) retirement plan qualifies as back pay. On the other hand, none of the cases cited by Defendant expressly holds that the projected growth of investments in a 457(b) retirement plan qualifies as front pay. Collectively, the parties simply fail to establish that the projected growth of investments in Plaintiff's former 457(b) Plan is either back pay or front pay.

## CONCLUSION

Plaintiff presents insufficient grounds upon which to amend my June 21, 2012, Judgment. Plaintiff's Motion (doc. #117) is DENIED.

IT IS SO ORDERED.

Dated this 15 day of Aug., 2012.

MARCO A. HERNANDEZ
United States District Judge

4 - OPINION & ORDER