IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


MATTHEW WEAVING,

        Plaintiff,

   v.

CITY OF HILLSBORO,

        Defendant.

No. 3:10-cv-1432-HZ

OPINION & ORDER


Jaime B. Goldberg
ATTORNEY AT LAW
P.O. Box 86463
Portland, OR 97286

   Attorney for Plaintiff

Karen M. O'Kasey
HART WAGNER, LLP
1000 SW Broadway, 20th Floor
Portland, OR 97205

   Attorney for Defendant

1 - OPINION & ORDER

HERNANDEZ, District Judge:

Now before me is a motion for judgment notwithstanding the jury's verdict (doc. #124) filed by the City of Hillsboro ("Defendant") pursuant to Rule 50(b) of the Federal Rules of Civil Procedure ("Rule") on the issue of whether Matthew Weaving ("Plaintiff") proved that he had an actual disability. Also before me is Defendant's motion for a new trial (doc. #124) pursuant to Rule 59. Defendant's motions are DENIED.

## STANDARDS

"Judgment as a matter of law is proper when the evidence permits a reasonable jury to reach only one conclusion. A renewed motion for judgment as a matter of law should be granted if the evidence permits only one conclusion and that conclusion is contrary to the jury's verdict." Martin v. Cal. Dep't of Veterans Affairs, 560 F.3d 1042, 1046 (9th Cir. 2009) (internal quotation marks and citations omitted). A court "must view the evidence in the light most favorable to the nonmoving party . . . and draw all reasonable inferences in that party's favor." E.E.O.C. v. Go Daddy Software, Inc., 581 F.3d 951, 961 (9th Cir. 2009). In entertaining a motion for judgment as a matter of law, the court "may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000) (citations omitted). A jury verdict "must be upheld if it is supported by substantial evidence . . . even if it is also possible to draw a contrary conclusion." Pavao v. Pagay, 307 F.3d 915, 918 (9th Cir. 2002).

Under Rule 59, a district court has the discretion to grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court". Fed. R. Civ. P. 59(a)(1)(A). Because "Rule 59 does not specify the grounds on which a motion for a new trial may be granted," courts are "bound by those grounds that have been historically recognized."

Zhang v. Am. Gem Seafoods, Inc., 339 F.3d 1020, 1035 (9th Cir. 2003).  The Ninth Circuit has previously held that "[t]he trial court may grant a new trial only if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice."  Molski v. M.J. Cable, Inc., 481 F.3d 724, 729 (9th Cir. 2007) (citation omitted).  "[E]rroneous jury instructions, as well as the failure to give adequate instructions, are . . . bases for a new trial."  Murphy v. City of Long Beach, 914 F.2d 183, 187 (9th Cir. 1990) (citations omitted).  The authority to grant a new trial is "confided almost entirely to the exercise of discretion on the part of the trial court."  Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980).

## DISCUSSION

Defendant contends it is entitled to judgment as a matter of law because Plaintiff failed to present sufficient evidence that he was substantially limited in the major life activities of communicating, interacting with others, or working.  Defendant highlights evidence that it believes supports its position.  Viewing all of the evidence in the light most favorable to Plaintiff and drawing all reasonable inferences in Plaintiff's favor, I conclude there was sufficient evidence to support the jury's finding that Plaintiff suffers from an actual disability.  The evidence presented at trial simply does not clearly support only one reasonable conclusion contrary to that of the jury.  Accordingly, Defendant's Rule 50(b) motion is denied.

Defendant also contends that it is entitled to a new trial because Jury Instruction No. 13 based on Gambini v. Total Renal Care, 486 F.3d 1087 (9th Cir. 2007) was erroneous and not harmless error.  Jury Instruction No. 13 provided, "Conduct resulting from a disability is part of the disability and not a separate basis for termination."  Defendant raises nearly identical arguments raised during trial: that the jury instruction in Gambini is improper because unlike

3 - OPINION & ORDER

here where Defendant "had no notice of [P]laintiff's alleged disability before he was placed on disciplinary administrative leave", the plaintiff in <u>Gambini</u> informed her employer of her bipolar disorder before any adverse employment action was taken against her. Mem. in Supp., p. 17. I have previously considered Plaintiff's arguments, and again conclude that Plaintiff has not provided the court with reasons or authority sufficient to undermine inclusion of Jury Instruction No. 13. Defendant's Rule 59 motion is denied.

## CONCLUSION

Based on the foregoing reasons, Defendant's motions (doc. #124) are DENIED.

IT IS SO ORDERED.

Dated this 15 day of Aug, 2012.

_____
MARCO A. HERNANDEZ
United States District Judge